**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JALECIA FRINK,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| | **1:22-CV-4330-VMC-CCB** |
| **v.** | |
| **CARGILL, INCORPORATED, et al.** | |
| **Defendants.** | |

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's motion to remand the case to the Superior Court of Cobb County, Georgia. (Doc. 8). For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's motion to remand the case, (Doc. 8), be **DENIED**.

### I.    BACKGROUND

On September 23, 2022, Plaintiff filed a civil action in the Superior Court of Cobb County, Georgia (Case Number 22106666). (Doc. 1-1 at 6–25). On October 31, 2022, Defendant Cargill filed a notice of removal in this Court. (Doc. 1). On November 21, 2022, Plaintiff filed this motion to remand, (Doc. 8), and on that same day, Defendant Indu filed a notice of consent to removal, (Doc. 9). On

December 12, 2022, Defendants filed a response in opposition to Plaintiff's motion to remand. (Doc. 15). Plaintiff filed a reply on December 27, 2022. (Doc. 16).

## II.   DISCUSSION

Defendant Cargill maintains that removal is proper in this case based on federal question jurisdiction. (Doc. 1 at 2–3). Plaintiff argues that the matter should be remanded because: 1) Defendant Indu did not provide its consent to remove the case or join in the removal, and 2) Defendant Cargill did not file the "Acknowledgement of Service on Indu" with the Court. (Doc. 8 at 2–8). Defendants argue that Indu "timely and validly consented" to removal by filing an answer admitting to jurisdiction and venue in this Court, by reaffirming its consent to removal by filing its notice of consent to removal, and by joining Cargill in opposing Plaintiff's motion to remand. (Doc. 15 at 3, 5–13). Defendants also argue that Cargill was not required to attach Indu's acknowledgement of service to its notice of removal and that, even if it was, the failure to do so would not require remand. *Id.* at 3–4, 13–18. Both parties maintain that they are entitled to attorneys' fees. (Doc. 8 at 8–9; Doc. 15 at 4, 18–19).

As a general matter, an action originally brought in state court may be removed to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441; *Heath v. ILG*

*Techs., LLC*, ---F. Supp. 3d.--, No. 1:20-CV-3130-TWT, 2020 WL 6889164, at *2 (N.D. Ga. Nov. 24, 2020). A notice of removal must be filed either:

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which [the] action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Further, a motion to remand a case based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Plaintiff moves to remand this case based on a defect other than lack of subject matter jurisdiction, and the Court considers Plaintiff's arguments in turn.

### A. Consent to Removal

Plaintiff argues that this case should be remanded because Defendant Indu failed to properly consent to removal. (Doc. 8 at 3–6). Specifically, she argues that Indu failed to indicate its consent to removal prior to the expiration of the 30-day period to do so. *Id.* at 5.

3

When a civil action is removed based solely on the basis of federal question jurisdiction, all defendants who have been properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). This requirement that all defendants must join in or consent to the removal is known as the "unanimity rule." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008). The unanimity rule, like all rules governing removal, "must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001), *abrogated on other grounds by Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007), *as recognized in Overlook Gardens Props., LLC v. ORIX USA, L.P.*, 927 F.3d 1194, 1201–02 (11th Cir. 2019). However, the Eleventh Circuit has stated that it is "nevertheless . . . not inclined to establish a wooden rule" and that "[a] technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." *Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (citing *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009) and affirming the district court's denial of a motion to remand where the defendant did not join the

notice of removal but did move to dismiss the complaint and oppose remand).[1]

This is because "[a] failure to comply with the unanimity requirement is only a

---

[1] Although *Stone* is an unpublished case, judges on this court and others have consistently relied on it, even though some within this circuit have declined to do so. *See, e.g., Piard v. VRP Transp., Inc.*, No. 3:18-CV-847-WKW, 2019 WL 210402, at *3–4 (M.D. Ala. Jan. 15, 2019) (finding *Stone* persuasive and holding that even if the defendant's consent to removal was untimely, the fact that it joined in the opposition to remand cured the technical defect in the removal); *Waldon v. ACE Am. Ins. Co.*, No. 1:16-CV-1608-AT, 2016 WL 10393763, at *1–2 (N.D. Ga. Aug. 19, 2016) (applying *Stone* and finding that the defendant cured any technical defect concerning the rule of unanimity where the defendant gave implicit consent to removal in its answer filed 45 days after service of the complaint and gave explicit consent in its notice of consent—filed 60 days after service of the complaint and almost a month after removal—and its opposition to the motion to remand); *James v. McDaniel*, No. 16-51-KD-M, 2016 WL 1573457, at *2–3 (S.D. Ala. Apr. 19, 2016) (applying *Stone*); *Bank of Am., N.A. v. Zaskey*, No. 9:15-CV-81325-ROSENBERG/HOPKINS, 2016 WL 285156, at *4 (S.D. Fla. Jan. 25, 2016) (applying *Stone*); *see also Stephens v. GuideOne Mut. Ins. Co.*, No. 1:19-CV-05534-ELR, 2020 WL 13587976, at *1 n.1 (N.D. Ga. Apr. 21, 2020) (citing *Stone* for the proposition that that courts recognize "other forms of manifested consent, such as filing a motion to dismiss after the removal of the case"); *but see Euwema v. Osceola Cnty.*, No. 6:19-cv-1760-Orl-37LRH, 2019 WL 6614322, at *3 n.3 (M.D. Fla. Dec. 5, 2019) (declining to rely on *Stone* because it does not *require* the denial of remand where the unanimity requirement is not met; because it is unpublished and therefore not binding; and because it goes against published Eleventh Circuit law that says removal requirements must be strictly enforced).

Plaintiff argues that, because it is unpublished, *Stone* cannot "overrule published precedent." (Doc. 16 at 4). And she suggests that *Stone* is inconsistent with the notion that the removal statute must be strictly construed in terms of enforcing the unanimity requirement. (Doc. 8 at 3–4; Doc. 16 at 3–4). The undersigned, however, like many other judges in this circuit, finds *Stone* persuasive and is unaware of any published opinion that it directly contradicts. Indeed, the *Stone* panel was well aware of the notion that the unanimity rule must

*procedural* defect, not a *jurisdictional* defect." *Goss v. Aetna, Inc.*, 360 F. Supp. 3d. 1364, 1370 (N.D. Ga. 2019) (citing *Stone*, 609 F. App'x at 981–82).

Many courts within the Eleventh Circuit, both before and after *Stone*, have also held that where a defendant files its answer after removal but within the 30-day period to remove, that defendant indicates its consent to the court's jurisdiction without procedural defect. *See Griffin v. Jonesboro Nursing and Rehab. Ctr., LLC*, No. 1:19-CV-03096-ELR, 2019 WL 13212709, at *3 (N.D. Ga. Nov. 7, 2019) (noting that the defendants had "timely and sufficiently expressed their consent to removal, thereby meeting the procedural requirements of 28 U.S.C. § 1446" where a defendant did not sign the notice of removal but did file its answer and other motions within the 30-day time limit); *see also Williams v. Benicorp Ins. Co.*, 190 F. Supp. 2d 1379, 1381 (M.D. Ga. 2002) (holding that a defendant's answer filed five days after removal indicated its consent to the court's jurisdiction); *but see Zarr v. Luce*, No. 8:13-cv-1441-T-30AEP, 2013 WL 3581909, at *3 (M.D. Fla. July 11, 2013) (quoting *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1321 (M.D. Ala. 2006) and holding that "consent must be express, not implied, thus filing an

---

be strictly interpreted and enforced, 609 F. App'x at 981, yet it nevertheless found that a technical defect in removal may be cured by opposing remand, *id.* That analysis is persuasive, and I follow it here.

answer or a motion to dismiss is an insufficient expression of consent" (internal quotation marks omitted)).[2]

This matter falls within the category of cases in which there is likely no procedural defect, as Indu filed an answer within the 30-day period. However, even if there was a procedural defect, Indu immediately filed a notice of its consent to removal after Plaintiff filed a motion to remand, (Doc. 9), and it also jointly filed a response with Cargill in opposition to that motion, (Doc. 15). It is clear that both Defendants wanted this case removed. *See Diulus v. Am. Express Travel Related Servs. Co.*, No. 1:19-CV-1551-MHC, 2019 WL 10960607, at \*4 (N.D. Ga. June 26, 2019) ("When the defect at issue is a procedural one and no one contends that any of the defendants did not want the case removed, the case should not be remanded" (internal quotation marks omitted)). The Court is persuaded by what other judges in this court have done in similar factual scenarios and finds that the case should not be remanded based on any procedural defect. Indeed, to reach the opposite result "would place form before function," and would "not serve the

---

[2] Plaintiff cites to *Clyde v. Nat'l Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985), where another judge on this court did not recognize a defendant's filing of an answer as consent to removal. (Doc. 8 at 5). However, in *Clyde*, the defendant had not filed its answer until after the 30-day period for removal. 609 F. Supp. at 218. Here, Indu filed its answer within the 30-day period. (Doc. 5).

purposes of the unanimity requirement." *Govan v. Yale Carolinas, Inc.*, 114 F. Supp. 3d 1183, 1190 (N.D. Ala. 2015).

### B. Filing of Acknowledgment of Service

Plaintiff also argues that this case should be remanded because Defendant Cargill failed to attach or file the acknowledgement of service by Indu with the notice of removal and failed to amend the removal to correct this defect. (Doc. 8 at 6–8). Plaintiff maintains that under 28 U.S.C. § 1446(a), Defendants were required to file "all process" with the notice of removal. *Id.* at 2. Defendants argue that Plaintiff did not serve Cargill with the complaint and acknowledgement of service by Indu on September 29, 2022—when Plaintiff alleges they were served.[3] (Doc. 15 at 13–14). In fact, Defendants argue that Plaintiff never served Cargill with those documents and therefore any failure to file them with the notice of removal did not make removal improper. *Id.* at 14–15. However, Defendants maintain that even if Plaintiff had served Cargill with the acknowledgement of service prior to the date Cargill filed its notice of removal, such failure would not be grounds for remand. *Id.* at 15–18.

---

[3] Plaintiff seems to clarify, in her reply brief, that this is a typo and that the document was not signed or served until October 17, 2022. (Doc. 16 at 7–8).

8

Section 1446(a) provides that a defendant or defendants removing a civil action from state court:

> shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). As Defendants point out, the plain language of the statute requires a *removing defendant* to include in the notice of removal only the process, pleadings, and orders *served upon such defendant*. (Doc. 15 at 14). Here, only Cargill filed the notice of removal, despite Indu later indicating its consent to removal. And in her reply brief, Plaintiff does not appear to dispute Defendants' assertion that Cargill was never served with Indu's acknowledgment of service.[4] (*See* Doc.

---

[4] Plaintiff states that "Defendants contend, without evidence, that Cargill was not served with the Acknowledgement of Service." (Doc. 16 at 3). However, this statement does not actually dispute Defendants' assertion that Cargill did not receive that document.

Plaintiff does state, at the beginning of her motion to remand, that Cargill was served with the acknowledgement of service. (Doc. 8 at 1). In her reply brief, she states that *Indu* was served with the acknowledgement of service on October 17, 2022, the date Indu signed it. (Doc. 16 at 7). Even if Plaintiff meant to state that Cargill was served with the acknowledgment of service, rather than Indu, the exhibit she cites to in support shows only that Plaintiff's counsel and Indu's counsel communicated about the acknowledgement of service. However, out of an abundance of caution, the Court considers whether remand would be warranted under both circumstances: one where Cargill never received the

9

16 at 2–3, 7–11). It is therefore unclear how Cargill could have included the acknowledgement of service in its notice of removal and, under section 1446(a), Cargill would not have been required to do so. *See Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (noting that "the defendants were not required to file all of the pleadings from the state court proceeding, only those that were served on them"); *see also Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (finding that, because a motion was not served upon the defendant, the defendant was not required to file it with the district court with the removal petition).

Nevertheless, even if Cargill *had* been served with the acknowledgement of service prior to filing the notice of removal, its failure to include it with the notice of removal does not warrant remand. The Court is persuaded by a recent Northern District of Georgia case, *Cardinale v. City of Atlanta*, in which Judge Totenberg canvassed the law in this area and held that the failure to attach state court records to a notice of removal does not warrant remand—as long as those documents have no bearing on the district court's jurisdiction—because those documents may be supplied later. No. 1:20-CV-01077-AT, 2020 WL 3046396, at *1–3 (N.D. Ga. June 8,

---

acknowledgement of service and one where it did.

10

2020) (citing *Stephens v. State Farm Fire & Cas. Co.*, 149 F. App'x 908, 910 (11th Cir. 2005); *Cook*, 573 F.3d at 1150; *Usatorres*, 768 F.2d at 1286; and *Covington v. Indem. Ins. Co.*, 251 F.2d 930, 932–33 (5th Cir. 1958)). As Judge Totenberg noted, since the late 1950s the law in this circuit (as established by *Covington* and reiterated in *Stephens*) does "not appear to leave any room for remand on the basis of failing to supply state court records." *Cardinale*, 2020 WL 3046396, at *3. *Cardinale* comes from another judge on this court, it analyzes and follows caselaw binding in this circuit, and the Court finds it to be more persuasive than the Western District of Washington case Plaintiff relies on. (Doc. 16 at 9–10 (citing *Stanphill v. State Farm Mut. Auto. Ins. Co.*, No. C09-0235-JCC, 2009 WL 10675666 (W.D. Wash. June 26, 2009) and arguing that permitting Defendants to cure defects at any time until judgment is inconsistent with the strict construction of removal statutes)).[5]

Indu's acknowledgment of service, *if* served upon Cargill prior to its filing of the notice of removal, has no bearing on the Court's jurisdiction and may be

---

[5] *Cardinale* also explains why *Kisor* and *Andalusia* (both cases Plaintiff cites) do not change the fact that, under both *Covington* and *Stephens*, there is no "room for remand on the basis of failing to supply state court records." 2020 WL 3046396, at *3; (*see also* Doc. 8 at 7 (citing *Andalusia Enters. Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007)) and Doc. 16 at 9 (citing to the Washington district court case, including citations to *Andalusia* and *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004))).

filed if needed. Any failure to include Indu's acknowledgement of service with the notice of removal is not grounds for remand.

### C. Attorneys' Fees

Both parties argue that they are entitled to attorneys' fees. Plaintiff maintains that she is entitled to attorneys' fees as a result of Cargill's improper removal. (Doc. 8 at 8–9). Defendants maintain that they are entitled to attorneys' fees because Plaintiff "unreasonably and vexatiously failed to withdraw the motion to remand." (Doc. 15 at 18–19).

As discussed, I find that removal in this case was proper or, at the very least, that any procedural defect is not a ground for remand. Therefore, Plaintiff is not entitled to attorneys' fees on the basis of improper removal.

The Court also finds that Defendants are not entitled to attorneys' fees. Defendants argue that, despite their attempts to confer with Plaintiff about on-point Eleventh Circuit and Northern District of Georgia decisions that are contrary to her motion to remand, Plaintiff nevertheless refused to withdraw the motion. (Doc. 15 at 18). As such, Defendants argue that Plaintiff "unreasonably and vexatiously multiplied the proceedings" and that Defendants incurred unnecessary attorneys' fees in preparing their response brief. *Id.* at 18–19.

12

Under 28 U.S.C. § 1927, an attorney or other person admitted to conduct cases "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Indeed, the "statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." *Id.* (internal quotation marks omitted). And a "determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Id.*

Plaintiff's arguments in favor of remand, although unpersuasive, do not amount to bad faith. Indeed, much of the back-and-forth in the parties' briefs relies on district court and unpublished circuit opinions. Against that backdrop, the Court cannot find that Plaintiff's counsel engaged in bad faith in seeking remand. *Cf. Williams v. Great-West Healthcare*, No. CIVA105-CV-2675-RWS-GGB, 2006 WL 211731, at *2 (N.D. Ga. Jan. 26, 2006) (finding a motion to remand entirely without support or foundation because the primary argument in support of remand was the lack of a federal question, despite acknowledgement in the same brief that the

13

complaint alleged a violation of Title VII—a federal law). Although the Court ultimately finds Plaintiff's positions unpersuasive, her arguments are not entirely without foundation. Neither party is entitled to attorneys' fees.

### III.   CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion to remand, (Doc. 8), be **DENIED**. On November 30, 2022, the Court granted the parties' joint motion to stay discovery deadlines, including those for completing the Rule 26(f) conference, serving initial disclosures, and filing the joint preliminary report and discovery plan, pending resolution of the motion to remand. (Doc. 14). If the District Judge adopts the Court's recommendation as to the motion to remand, the Court further **RECOMMENDS** that the stay be **LIFTED**, and that the parties be required to conduct the Rule 26(f) conference within 16 days and file the joint preliminary report and discovery plan within 30 days of the District Judge's order.

**IT IS SO RECOMMENDED,** this 22nd day of June, 2023.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

14